O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TODD WOOLRIDGE,<br><br>            Petitioner,<br><br>   v.<br><br>A. THOMPSON (CDCR),<br><br>            Respondent. | NO. EDCV 11-804-R (MAN)<br><br>ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>WITHOUT PREJUDICE AND<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

Petitioner is a California state prisoner who is incarcerated at Kern Valley State Prison. On May 23, 2011, he filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires the summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Summary dismissal of the Petition is required for the reasons set forth below.

The Petition alleges a single cryptic claim, *to wit*, "Petitioner contends (CDCR) allowed Petitioner's Personal Property to be '<u>Extorted</u>'

due to Derelict [*sic*] of Duty." (Petition at 5, ¶ 7.a; emphasis in original.)  The attachments to the Petition indicate Petitioner apparently contends that:  on January 24, 2010, and February 3, 2010, other prisoners who are gang members "extorted" various items of Petitioner's personal property; and two correctional officers at Kern Valley State Prison, through their negligence, allowed this "extortion" to occur.  (*See* Petitioner's first level appeal form dated February 17, 2010, a copy of which is appended to the Petition.)

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the grounds of alleged violations of federal rights, and seeking release from imprisonment as a result, does so by way of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  *See* <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973); <u>Sisk v. Branch</u>, 974 F.2d 116, 117 (9th Cir. 1991). However, the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody," is a civil rights action under 42 U.S.C. § 1983, not a habeas action. <u>Preiser</u>, 411 U.S. at 500, 93 S. Ct. at 1841; *see also* <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991). Petitioner's allegations attempt to state a civil rights claim based on the conditions of his confinement -- *to wit*, a claim that two correctional officers negligently failed to prevent other prisoners from taking Petitioner's properly -- rather than an attack on the fact or duration of Petitioner's confinement.  Accordingly, the allegations of the Petition are not cognizable under 28 U.S.C. § 2254 but, instead, must be raised by way of a civil rights complaint brought under 42 U.S.C. § 1983.

2

While the Court may construe a flawed habeas petition as a civil rights action, *see* Willwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), doing so in this case would be inappropriate, given that: (1) the Petition was not accompanied by the $350 filing fee; (2) the Petition was not accompanied by a declaration in support of a request to proceed without prepayment of the filing fee, a certified copy of Petitioner's trust fund account statement for the preceding six months, and an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(a)(2) & (b); (3) although Petitioner has sought state habeas and/or mandamus relief based on his present allegations, there is no evidence that he has exhausted his administrative remedies for his claim, a prerequisite to filing a civil rights action;[1] (4) Petitioner has named a single correctional officer as a Respondent, but he has not identified the capacity in which he or any other defendant is sued under 42 U.S.C. § 1983; (5) because Petitioner is not incarcerated in this district,[2] this Court is not the appropriate venue for any such civil rights action; and (6) the claim alleged in the Petition does not state a cognizable claim

---

[1] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001). The attachments to the Petition indicate that Petitioner apparently submitted a first level administrative grievance form, but there is no evidence that he pursued his administrative grievance remedy through the third level, as is required before pursuing relief under Section 1983.

[2] Kern Valley State Prison, at which Petitioner is incarcerated, is located within the boundaries of the United States District Court for the Eastern District of California.

3

under 42 U.S.C. § 1983.[3]

Based upon the foregoing, it is plain that the Court lacks jurisdiction to consider the Petition. Accordingly, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: May 27, 2011.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner's allegations that correctional officers were negligent or "derelict" in their duties do not state the requisite federal constitutional violation or other violation of federal law needed to state a cognizable Section 1983 claim.

4